UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH NOBLE,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY SEIBEL, et al.,<br><br>Defendants. | No. 2:17-cv-2468 MCE AC P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner at the Correctional Training Facility (CTF) in Soledad, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983, challenging conditions of his prior confinement at Deuel Vocational Institution (DVI); a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; and a motion for appointment of counsel.

For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; plaintiff's request for appointment of counsel is denied without prejudice; and the undersigned recommends that this action be dismissed without leave to amend.

////

////

## II. In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's requests to proceed in forma pauperis, ECF Nos. 2 & 6, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

   IV. Screening of Plaintiff's First Amended Complaint

     A. Plaintiff's Allegations

Plaintiff commenced this action by filing his initial complaint on November 22, 2017. ECF No. 1. On January 19, 2018, prior to the court's screening or service of process on any defendant, plaintiff filed his First Amended Complaint (FAC), which is now the operative complaint. ECF No. 10. See Fed. R. Civ. P. 15(a)(1), (2) (authorizing timely amendment of pleadings).

As set forth in the FAC, plaintiff alleges that when he was transferred to DVI on March 10, 2017, he experienced the following physical problems as a result of drinking the water in his cell: "I noticed that every time I drank the water out of the sink in my cell my stomach[] would hurt and I would get diarrhea, headaches and very dry skin. I then put in a medical form to [the] doctor and they gave me diarrhea medication." ECF No. 10 at 2. On March 20, 2017, DVI inmates were informed that the water in four DVI wells would be tested the following day for nitrates, because they had not been tested the prior year (2016). Id. at 10-11 (notice). Plaintiff alleges that "a few days later we were advised not to drink the water and they started passing out 3 gallons of water a week for us to consume." Id. at 3. He further alleges:

> This was a time when it was very hot and I would consume 3 gallons in 3 days and for the rest of the week [I was] forced to consume the water out of my sink . . . which I filtered . . . through a blank piece of paper and it came out completely covered in black dust and I would like to have this tested, but I'm also attaching a copy of this [see id. at 12 (exhibit)].

Id.

Plaintiff submitted a prison grievance challenging DVI's water quality. DVI Warden, Kimberly A. Seibel, responded with a personal memorandum to plaintiff, dated August 17, 2017, which provided in pertinent part:

> In your [June 12, 2017] letter, you are referencing March 21, 2017, in which water samples were to be taken and sent to the independent lab:
>
> - March 21, 2017 – This date is when water samples were taken of the four (4) water supply wells which feed DVI. The results documented by the independent lab show the level of nitrates are well below the reporting limits of the four (4) water wells put forth by the Department of Public Health and the Environmental Protection Agency.
>
> Please be assured that the water is not contaminated and DVI does everything to maintain water quality standards per the CSWRB [California State Water Resources Board] regulations. If you have any further questions, feel free to contact [name], Chief Engineer I, at [telephone number and extension].

Id. at 9 (memorandum).

In this action, plaintiff expresses doubt about the veracity of the Warden's representations, asking "why would they be giving out bottled water" if the water met state standards. ECF No. 10 at 3. Plaintiff contends that these facts support an Eighth Amendment claim for deliberate indifference to his health and safety, and he seeks $100,000 in damages. ECF No. 10 at 4.

### B. Legal Standards for Eighth Amendment Deliberate Indifference Claim

The Ninth Circuit Court of Appeals has summarized the legal standards applicable to an Eighth Amendment deliberate indifference claim as follows:

////

////

////

> [T]his case was brought under 42 U.S.C. § 1983, and predicated upon a violation of the Eighth Amendment's proscription against cruel and unusual punishment. The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment.
>
> To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test. First, there must be a demonstration that the prison official deprived the prisoner of the minimal civilized measure of life's necessities. Second, a prisoner must demonstrate that the prison official acted with deliberate indifference in doing so.
>
> A prison official acts with deliberate indifference only if the [official] knows of and disregards an excessive risk to inmate health and safety. Under this standard, the prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference. If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.

Toguchi v. Chung, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (internal citations, quotation marks and punctuation omitted).

### C. Analysis

In the present case, plaintiff's allegation that DVI's water was contaminated is entirely speculative, premised on the notice of intended testing, the provision of bottled water to inmates during a hot spell, and plaintiff's physical symptoms which he attributed to the water. However, plaintiff's own exhibits contradict his speculations, particularly defendant Seibel's memorandum, which specifically refutes those allegations. Accordingly, plaintiff's claim lacks "facial plausibility," that is, his speculative allegations are insufficient for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. As a result, the FAC supports an excessive risk to plaintiff's health nor an official's deliberate disregard of that risk.

The undersigned also finds that further amendment would be futile. It plainly appears that plaintiff is unable to allege any additional, consistent facts that would render his speculations plausible. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122,

////

1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

For these reasons, this court will recommend that this action be dismissed without leave to amend.

V. Request for Appointment of Counsel

Plaintiff requests appointment of counsel. See ECF No. 8. Plaintiff states that he does not know how to proceed in this case; his TABE (Test of Adult Basic Education) score reflects a seventh-grade education; that he receives mental health treatment in prison and receives medication to treat post-traumatic stress disorder. Id. at 1.

District courts lack authority to require attorneys to represent indigent prisoners in a civil rights action. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of a willing attorney. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the present case, plaintiff has demonstrated no likelihood of success on his claims. Therefore, plaintiff's motion will be denied without prejudice.

VI. Summary

The court has granted your request to proceed in forma pauperis; you will pay the filing fee over time with deductions from your prison trust account.

Your request for appointment of counsel is denied because your allegations fail to demonstrate a reasonable likelihood of success on the merits of your claim.

Upon screening your complaint, the court finds that it does not state a cognizable claim. Moreover, the court finds that further amendment of the complaint would be futile based on the circumstances which you challenge. Therefore, this court recommends to the assigned district judge that this action be dismissed without leave to amend.

VII. <u>Conclusion</u>

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis, ECF Nos. 2 & 6, are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel, ECF No. 8, is denied without prejudice.

Additionally, IT IS HEREBY RECOMMENDED that this action be summarily dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2018.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE